UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DANIEL CEPEDA, | Case No. 2:23-cv-02014-DAD-JDP (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATIONS** |
| v. | THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A VIABLE FEDERAL HABEAS CLAIM |
| ROB BONTA, | |
| Respondent. | ECF No. 7 |

Petitioner, a former state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. I found his previous petition deficient because it was time-barred and because his claims related to being placed on a sex-offender registry were non-cognizable for the purposes of § 2254. ECF No. 6. The amended petition, ECF No. 7, suffers from the same defects, and I now recommend this action be dismissed.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

As before, the underlying conviction that petitioner is attacking appears to have been

finalized in June 2008. ECF No. 7 at 1. As I previously explained, the age of the conviction ensures that it falls well beyond the one-year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). In the amended petition, petitioner argues that "the passage of time does not fix a fundamentally flawed outcome of an illegally obtained conviction." ECF No. 7 at 3. That may be, but the statute of limitations contained in AEDPA is legally binding, and it would be meaningless if any petitioner could circumvent it simply by arguing that, in adhering to it, illegal convictions would be allowed to stand. The alleged illegality of the underlying conviction is the crux of every habeas petition filed in federal court.

I also reject petitioner's claims regarding his placement on a sex-offender registry for the same reasons explained in my previous order. He is no longer in prison custody and, as I noted in my last order, placement on a sex offender registry does not state a viable claim for § 2254 purposes. *See Henry v. Lungren*, 164 F.3d 1240, 1241-1242 (9th Cir. 1999) (rejecting the petitioner's argument that California's sex offender registry requirement rendered him still "in custody").

Given that the amended petition does not suggest that the deficiencies in petitioner's claims are surmountable, I now recommend dismissal of this action.

Accordingly, it is RECOMMENDED that petitioner's amended petition, ECF No. 7, be DISMISSED without leave to amend as time-barred and for failure to state a cognizable habeas claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:   <u>May 6, 2024</u>

                                JEREMY D. PETERSON
                                UNITED STATES MAGISTRATE JUDGE