UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DANIEL CEPEDA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ROB BONTA,<br><br>　　　　　Respondent. | No. 2:23-cv-02014-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION<br><br>(Doc. No. 8) |

Petitioner David Daniel Cepeda is a former state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 7, 2024, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus be dismissed as untimely and failing to state a claim. (Doc. No. 8.) Specifically, the findings and recommendations concluded that petitioner did not state a viable claim under § 2254 because petitioner is not in custody. (*Id.* at 2.) In addition, the findings and recommendations concluded that petitioner did not file the pending petition seeking federal habeas corpus relief until "well beyond the one-year statute of limitations" because the underlying conviction was finalized in June 2008 and this pending petition was filed on September 18, 2023. (Doc. Nos. 1, 8 at 1–2.)

/////

1

Those findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (Doc. No. 8 at 2.) On May 28, 2024, petitioner untimely filed his objections. (Doc. No. 9.)

Petitioner's primary objection appears to be that he had not consented to the jurisdiction of a magistrate judge. (Doc. No. 9.)  Petitioner also contends that he has previously been granted a habeas corpus petition in a related case. (Doc. No. 9); *see Cepeda v. Espinoza*, No. 04-cv-1899-LKM-JFM, 2008 WL 707277 (E.D. Cal. Mar. 14, 2008). However, these objections do not meaningfully address the deficiencies in his habeas petition identified by the magistrate judge. In particular, petitioner does not address that he is not currently in custody within the meaning of § 2254 and that his continued placement on California's sex offender registry requirement did not change that conclusion. *See Henry v. Lungren*, 164 F.3d 1240, 1241-1242 (9th Cir. 19 99); *see also Cepeda v. California*, No. 04-cv-1899-LKK-JFM, 2009 WL 959955 (E.D. Cal. Apr. 6, 2009) (holding that habeas corpus relief was unavailable for the instant petitioner because "he was not in custody[.]"). Therefore, the findings and recommendations concluding that petitioner is not in custody as required to proceed with a petition for relief under § 2254 will be adopted.[1] Recognizing that petitioner has expressed frustration with his conviction, as outlined in his writ and objections, the law requires that the pending motion to dismiss be granted.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas

---

[1] Because dismissal is mandated on other grounds, the court does not address the issue of whether the pending petition is barred by the applicable statute of limitations.

relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong.  Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on May 7, 2024 (Doc. No. 8) are adopted;

2. The operative petition for a writ of habeas corpus (Doc. No. 7) is dismissed;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 11, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3